PENDLETON, President,
delivered the opinion of the Court, as follows:
The question depends on the first judgment of the District Court, in October, 1796, reversing that of the County Court; since, if that reversed was right, there is no objection to the subsequent proceedings in the District Court, In the County Court, the defendant pleaded a former suit, which had been commenced by Minor, the testator of the plaintiff, against the testator of the defendants in the same County Court; in which suit, at a Court held for the said county, in Jlugust, 1770, Robinson pleaded a tender of the debt, now sued for; and did, then and there, tender into Court, and pay into the hands of the Clerk, the principal and interest due thereon; which the defendants suppose has been always, and now is ready, to be paid to Minor, or the plaintiffs; and, upon this plea, the parties were at issue. On the trial of the cause, the defendants produced the record of the former suit, and offered parol testimony to prove that the money was actually paid to the Clerk, at the time of filing the plea; when the counsel for the plaintiff moved the Court to instruct the jury: 1. That, unless they found that the costs, as well as the principal and interest, liad been brought into Court, they should find for the plaintiff. 2. To disregard the parol testimony, introduced to prove the payment of the money into Court, this being a fact which should be proven by record. The Court refused so to instruct the jury, who found a verdict for the defendants, for whom a judgment *216 was entered; and the question is, whether the Court ought "to have given the instruction required? As to the first point, the .costs, Mr. Randolph was right, upon the act of Assembly,'that the costs were not required to be paid into Court; but, this is nota case within that act of Assembly, but a plea of a prior tendel-, accompanied by the money tendered; and, therefore, we are only to consider of the. propriety of admitting the parol testimony. By the law, a plea of tender is not to be received, without the money tendered, which must have been filed and paid into Court,* where all the pleadings, at that day, were carried on. it is, therefore, to be presumed, prima facie, that the money accompanied the plea; especially, as the plaintiff did not demur to, but joined issue on the plea; and the Clerk having omitted to enter the payment, parol proof ought to be admitted, in aid of that presumption, since it does not tend to contradict the record, but to supply a defect, which the Clerk, either through mistake or design, omitted to enter; circumstances which, in this case, render the parol testimony admissible. Therefore, the judgment of the District Court, in October, 1796, and all subsequent proceedings in the said Court, are to be reversed, with costs; and this Court, proceeding to give such judgment, as the said District Court ought to have given in October, 1796, the judgment of the County Courtis affirmed, with costs.

[* Downman v. Downman's ex’rs. 1 Wash. 29; Pether et al. v. Shelton, 1 Stra. 633; Bray v. Booth, Barnes’ Notes, 252.]